

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| LARRY WILLIAMS,  §<br>   Plaintiff,  §<br>vs.  §  CIVIL ACTION 5:22-4-MGL-KDW<br>  §<br>  §<br>WARDEN KELLY; JAMES SAVGE; DOC.  §<br>DEEZIEN; PAM C. KELLY; SUSAN  §<br>THOMAS JAMES; AL GREEN; S. QUE;  §<br>PAT BARFIELD; and JOE HARRIS,  §<br>   Defendants.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE COMPLAINT**

  Plaintiff Larry Williams (Williams) filed this lawsuit against the above-named defendants pursuant to 42 U.S.C. § 1983. Williams is representing himself.

  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court it dismiss the complaint. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 23, 2022, and the Clerk of Court entered Williams's objections on March 7, 2022.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Williams fails to offer any specific objections to the Report.  As per the law of the Fourth Circuit, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Here, as the Court already stated, Williams wholly failed to bring any specific objections to the Report.  Instead, he offers nothing more than non-specific objections.  Inasmuch as the Court agrees with the Magistrate Judge's analysis of the complaint in her comprehensive and well-reasoned Report, it need not repeat the discussion here.

Consequently, because Williams neglects to make any specific objections to the Report, and the Court has found no clear error, the Court will overrule the objections and accept the Magistrate Judge's recommendation that Williams's complaint be dismissed..

Further, inasmuch as the Magistrate Judge warned Williams of the consequences of failing to file specific objections, Report at 4, he has waived appellate review.  *See Howard v. Sec'y of*

*Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Williams's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Williams's complaint is **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 12th day of April, 2023, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Williams is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.